IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

OMAR REAVES                          :               CIVIL ACTION

     v.                              :

JOHN WETZEL, et al.                  :               NO. 15-4769

## REPORT AND RECOMMENDATION

THOMAS J. RUETER                                April 18, 2016
United States Magistrate Judge

        Presently before the court is a pro se petition for a writ of habeas corpus filed

pursuant to 28 U.S.C. § 2254 (Doc. 1).  Petitioner is presently incarcerated at the State

Correctional Institution - Forest, located at Marienville, Pennsylvania.  For the reasons stated

below, the court recommends that the petition be denied.

## I.      BACKGROUND

        On October 7, 2004, at about 10:50 p.m., Timothy Hunter was shot multiple times

near 7th & Wallace Streets in Philadelphia, Pennsylvania.  As a result of the shooting, Hunter lost

a kidney and is unable to walk and permanently confined to a wheel chair.  Commonwealth v.

Reaves, No. 1388 EDA 2008, slip op. at 1-2 (Pa. Super. Ct. 2009).  At approximately 10:55 p.m.,

a few minutes after the shooting, Philadelphia police officers attempted to stop a gold colored

1991 Oldsmobile because they believed the occupants were connected to the shooting.  The

officers put on their lights and sirens, but the Oldsmobile sped off.  The police gave chase that

lasted approximately eleven minutes and ended when the Oldsmobile crashed into a parked car.

        Petitioner was the driver of the Oldsmobile.  His co-defendant, Kristian McIntosh,

was seated in the front passenger seat while Asad Robinson was the person in the back seat.

After the crash, all three men fled from the automobile, but later were apprehended by police.

During a search of the vehicle, the police recovered a 9 mm Glock handgun from a pocket in the rear of the vehicle's driver's seat, where petitioner had been sitting.  They also recovered a 12 gauge shotgun from the floor in the rear of the vehicle on the passenger side.  Police found four 9 mm bullets and shotgun shells in the vehicle.  Id. at 3.

After searching the scene of the shooting, police recovered eight .40 caliber fired cartridge casings, all fired from the same gun, as well as seven 9 mm Lugar cartridge casings that had been fired from the Glock handgun found in petitioner's car.  From the victim's body, police recovered the following: a 9 mm bullet, a .40 caliber bullet, a bullet core from a .40 caliber bullet, a bullet jacket that could not be conclusively identified, and a bullet jacket fragment that likewise could not be conclusively identified.  Several of the bullets extracted from the victim's body were examined   Because the bullets were damaged, the police ballistics expert was unable to attribute them to specific weapons or match them to the guns recovered from the Oldsmobile. Id. at 3.

On January 31, 2006, a jury sitting in the Court of Common Pleas of Philadelphia County convicted petitioner and his co-defendant of attempted murder, criminal conspiracy, aggravated assault, and violating the Uniform Firearms Act (No. CP-050-6002-2005).  On March 9, 2006, the Honorable Rose DeFino-Nastasi sentenced petitioner to an aggregate sentence of twelve to twenty-four years imprisonment.  Petitioner appealed to the Superior Court of Pennsylvania and raised one claim: Whether the trial court erred in denying his motion for acquittal of all charges based on his allegation that the evidence was insufficient to support his convictions.  Commonwealth v. Reaves, 987 A.2d 822 (Pa. Super. Ct. 2009) (Table).  On

September 14, 2010, the Pennsylvania Supreme Court denied petitioner's request for allowance of appeal.  Commonwealth v. Reaves, 8 A.3d 344 (Pa. 2010) (Table).

On November 15, 2010, petitioner filed a petition for post-conviction relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541, et seq.  Appointed counsel filed an amended PCRA petition which raised a single claim: Trial counsel was ineffective for failing to take action to correct the prosecutor's mis-characterization of evidence in closing argument and the trial court's mis-characterization of evidence in answering a question from the jury.  On November 26, 2012, the PCRA court dismissed the PCRA petition as meritless.  Petitioner appealed to the Pennsylvania Superior Court, which affirmed the dismissal of the PCRA petition on April 28, 2014.  Commonwealth v. Reaves, 102 A.3d 544 (Pa. Super. Ct. 2014) (Table).  On October 7, 2014, the Pennsylvania Supreme Court denied petitioner's request for allowance of appeal.  Commonwealth v. Reaves, 101 A.3d 786 (Pa. 2014) (Table).

On August 21, 2015, petitioner filed his petition for a writ of habeas corpus.  He raised two claims:

1.    Trial counsel was ineffective for failing to object and/or move for a mistrial based on the prosecutor's mis-characterization of evidence during closing arguments and/or the trial court's mis-characterization of the same evidence in response to a jury question; and

2.    That the evidence was insufficient to support the jury's verdict.

On January 27, 2016, the District Attorney for Philadelphia County filed a Response to the petition (Doc.13) and argued that both claims for relief should be denied as meritless.  The court granted petitioner's requests to file a Traverse and ordered that it be filed by April 15, 2016 (Doc. Nos. 14-17).  As of the date hereof, petitioner has not filed a Traverse.

## II.    DISCUSSION

### A.    Habeas Corpus Standards

Petitioner's habeas petition is governed by the Antiterrorism and Effective Death

Penalty Act of 1996 ("AEDPA").  The provisions of the AEDPA relevant to the instant matter

provide as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to any
> claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the
> Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination
> of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (2).  The Supreme Court recently emphasized that the "AEDPA's

standard is intentionally difficult to meet."  Woods v. Donald, 135 S. Ct. 1372, 1376 (2015)

(quotation omitted).

The Supreme Court has instructed that the "contrary to" and "unreasonable

application" clauses in Section 2254(d)(1) should be viewed independently.  Williams v. Taylor,

529 U.S. 362, 404-05 (2000).  With respect to Section 2254(d)(1), a federal habeas petitioner is

entitled to relief under the "contrary to" clause only if "the state court arrives at a conclusion

opposite to that reached by this Court on a question of law or if the state court decides a case

differently than this Court has on a set of materially indistinguishable facts."  Id. at 413.  The

Court in Williams was careful to note that most cases will not fit into this category, which is

limited to direct and unequivocal contradiction of Supreme Court authority.  Id. at 406-08.

Under the "unreasonable application" clause, "[a] state court decision will be an 'unreasonable application' if (1) 'the state court identifies the correct governing legal rule from [the] Court's cases but unreasonably applies it to the facts of the particular . . . case;' or (2) 'the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'" Appel v. Horn, 250 F.3d 203, 209 (3d Cir. 2001) (quoting Williams, 529 U.S. at 407). A federal habeas court may not issue the writ simply because that court concludes "that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Williams, 529 U.S. at 411. Relief is appropriate only where the state court decision also is objectively unreasonable. Id. See also Waddington v. Sarausad, 555 U.S. 179, 190 (2009) (same). The Third Circuit Court of Appeals recently described this "highly deferential standard" as follows: "[W]e will not surmise whether the state court reached the best or even the correct result in [a] case; rather, we will determine only whether the state court's application of [federal law] was unreasonable." Collins v. Sec'y of Pa. Dep't of Corrs., 742 F.3d 528, 544 (3d Cir.) (quotation omitted), cert. denied, 135 S. Ct. 454 (2014). See also White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (same).

With respect to 28 U.S.C. § 2254(d)(2), which dictates that federal habeas relief may be granted when the state court adjudication was based on an unreasonable determination of the facts in light of the evidence presented, the petitioner must demonstrate that a reasonable fact-finder could not have reached the same conclusions given the evidence. If a reasonable basis existed for the factual findings reached in the state courts, then habeas relief is not warranted. Miller-El v. Cockrell, 537 U.S. 322, 340 (2003); Campbell v. Vaughn, 209 F.3d 280, 290-91 (3d

Cir. 2000), cert. denied, 531 U.S. 1084 (2001).  Additionally, "a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  See Rountree v. Balicki, 640 F.3d 530, 538 (3d Cir.) ("State-court factual findings . . . are presumed correct; the petitioner has the burden of rebutting the presumption by clear and convincing evidence.") (quotation omitted), cert. denied, 132 S. Ct. 533 (2011); Simmons v. Beard, 590 F.3d 223, 231 (3d Cir. 2009) ("Under the § 2254 standard, a district court is bound to presume that the state court's factual findings are correct, with the burden on the petitioner to rebut these findings by clear and convincing evidence.").  See also Burt v. Titlow, 134 S. Ct. 10, 15 (2013) (same).

A federal habeas court may not consider a petitioner's claims of state law violations, but must limit its review to issues of federal law.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (not the province of the federal court to re-examine a state court's determinations on state law questions); Pulley v. Harris, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law."); Engle v. Isaac, 456 U.S. 107, 120 n.19 (1982) ("If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable."); Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997) ("[E]rrors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause.").

### B.      Standard for Ineffective Assistance of Counsel Claims

One of petitioner's claims allege ineffective assistance of counsel.  In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court set forth a two prong test that a petitioner must satisfy before a court will find that counsel did not provide the effective

assistance of counsel guaranteed by the Sixth Amendment.  Under this test, a petitioner must

show that: (1) counsel's performance was deficient; and (2) counsel's deficient performance

caused the petitioner prejudice.  Id. at 687-96.  See also Harrington v. Richter, 562 U.S. 83

(2011) (same); Premo v. Moore, 562 U.S. 115 (2011) (same).  The United States Supreme Court

observed that "[s]urmounting Strickland's high bar is never an easy task."  Harrington, 562 U.S.

at 105 (quotation omitted).  See also Collins, 742 F.3d at 544 (discussing Strickland); Ross v.

District Attorney of the County of Allegheny, 672 F.3d 198, 209-10 (3d Cir. 2012) (same).

      To show deficient performance, a petitioner must show "that counsel's

representation fell below an objective standard of reasonableness" and that "counsel made errors

so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the

Sixth Amendment."  Strickland, 466 U.S. at 687-88.  In evaluating counsel's performance, a

reviewing court should be "highly deferential" and must make "every effort . . . to eliminate the

distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct,

and to evaluate the conduct from counsel's perspective at the time."  Id. at 689.  Moreover, there

is a "strong presumption that counsel's conduct falls within the wide range of reasonable

professional assistance; that is, the defendant must overcome the presumption that, under the

circumstances, the challenged action 'might be considered sound trial strategy.'"  Id. (citation

omitted).  The Court cautioned that the appropriate "question is whether an attorney's

representation amounted to incompetence under 'prevailing professional norms,' not whether it

deviated from best practices or most common custom."  Premo, 562 U.S. at 122 (quoting

Strickland, 466 U.S. at 690).

The United States Supreme Court explained the prejudice requirement for an ineffective assistance of counsel claim as follows:

> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding."  Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

Harrington, 562 U.S. at 104 (citations omitted).  See also Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (The prejudice requirement of Strickland requires a "'substantial,' not 'conceivable,' likelihood of a different result.").  It follows that "'counsel cannot be deemed ineffective for failing to raise a meritless claim.'"  Ross, 672 F.3d at 211 n.9 (quoting Werts v. Vaughn, 228 F.3d 178, 202 (3d Cir. 2000)).

Where, as in the instant case, the state court already has rejected an ineffective assistance of counsel claim, a federal court must defer to the state court's decision pursuant to 28 U.S.C. § 2254(e)(1).   The Supreme Court stated:

> Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult.  The standards created by Strickland and § 2254(d) are both 'highly deferential,' id. at 689; Lindh v. Murphy, 521 U.S. 320, 333 n.7 . . . (1997), and when the two apply in tandem, review is 'doubly' so.  Knowles, 556 U.S. at ___, 129 S. Ct., at 1420.  The Strickland standard is a general one, so the range of reasonable applications is substantial.  556 U.S. at ___, [129 S. Ct., at 1420].  Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d).  When § 2254(d) applies, the question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

Premo, 562 U.S. at 122-23 (quotation omitted).  See also Woods v. Donald, 135 S. Ct. at 1376 (when considering claims of ineffective assistance of counsel, AEDPA review must be "'doubly

deferential' in order to afford 'both the state court and the defense attorney the benefit of the doubt'") (quoting <u>Burt v. Titlow</u>, 134 S. Ct. 10, 13 (2013)).

    **C.**    **Petitioner's Claims**

    **Claim No. 1:  Ineffectiveness of Counsel**

Petitioner's first ground for relief is that his trial counsel was ineffective for not raising an objection and/or move for a mistrial when: (1) the prosecutor allegedly mis-characterized the evidence during his closing argument; and (2) when the trial judge responded to a jury question relating to the same subject addressed by the prosecutor.  The Superior Court rejected this argument in its Memorandum Opinion filed on April 28, 2014.  <u>Commonwealth v. Reaves</u>, No. 74 EDA 2013, slip op. at 5-7 (Pa. Super Ct. Apr. 28, 2014).

The Superior Court rejected petitioner's claim that both the prosecutor and the trial court erred in telling the jury that there was a match between the 9 mm ballistics evidence found at  the scene of the murder and the Glock pistol found inside the Oldsmobile which was driven by petitioner.  The Superior Court found that "[t]he ballistics expert manifestly connected the bullet casings to the gun at trial."  <u>Id.</u> at 6.  The Superior Court quoted the testimony of the Commonwealth's ballistics expert, Police Officer John Cannon (N.T., 1/26/06, at 96-98).  Thus, the Superior Court found there was no misstatement by the prosecutor in his closing argument as to the testimony of the ballistics expert.  <u>Id.</u> at 6-7.  Furthermore, the Superior Court found that the trial judge properly answered the jury's question when she affirmed that "the ballistics expert testified that the nine-millimeter shells found at the shooting scene matched the specific nine-millimeter gun found in the car."  (N.T., 1/30/06, at 141.)

This court finds that the Superior Court's decision was not an unreasonable application of the law or the facts developed at trial.  See 28 U.S.C. § 2254(d).  Any objection raised by counsel to the prosecutor's comments or to the trial court's answer to the jury's question would have been denied as meritless.  As properly found by the Superior Court, neither the prosecutor  nor the trial judge mis-characterized the trial record.  See N.T., 1/26/06, at  96-98.  In order to show prosecutorial misconduct because of improper argument, petitioner must prove that the prosecutor's remarks caused him to be denied his right to a fair trial.  Greer v. Miller, 483 U.S. 756, 765 (1987).  Petitioner cannot meet his burden of proof since the prosecutor's remarks were based on the evidence presented at trial.  Furthermore, under Pennsylvania law, to obtain a new trial based on the trial judge's answer to the jury's question, a defendant must demonstrate that the trial court's answer was erroneous and that the "error caused an incorrect result" at trial.  Nebel v. Mauk, 253 A.2d 249, 251 (Pa. 1969); Scarborough by Scarborough v. Lewis, 518 A.2d 563, 570 (Pa. Super. Ct. 1986), rev'd in part on other grounds, 565 A.2d 122 (Pa. 1989).  Here, petitioner cannot show that the trial judge's answer to the jury's question was erroneous.  Thus, counsel cannot be found to be ineffective for failing to raise a meritless objection.

For all the above reasons, petitioner's first claim should be denied.

**Claim No. 2:  Insufficiency of the Evidence**

Petitioner's second and last claim is that the evidence was insufficient to support the convictions returned by the jury.  The Superior Court rejected this argument in its Memorandum Opinion dated October 26, 2009.  Commonwealth v. Reaves, No. 1388 EDA 1008, slip op. at 5-11 (Pa. Super. Ct. Oct. 26, 2009).

The federal constitutional standard for evaluating a due process claim based upon a sufficiency of the evidence claim is found in Jackson v. Virginia, 443 U.S. 307 (1979).  Under Jackson, the federal court is to determine whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Id. at 319 (emphasis in original).  A habeas petitioner is entitled to relief only "if it is found that upon the record evidence addressed at trial no rational trier of fact could have found proof beyond a reasonable doubt."  Id. at 324.  Federal review of a sufficiency of the evidence claim under Jackson must be based on state law, that is, the substantive elements of the crime must be defined by applicable state law.  Id. at 324 n.16.  The credibility of witnesses, the resolution of conflicts of evidence, and the drawing of reasonable inferences from proven facts all fall within the exclusive providence of the fact finder and, therefore, are beyond the scope of federal habeas sufficiency review.  Id. at 319.

A petitioner challenging a state court's determination of a sufficiency of the evidence claim has an additional burden.  On habeas review, a federal court may not overturn a state court decision rejecting a sufficiency of the evidence claim simply because the federal court disagrees with the state court's ruling.  Coleman v. Johnson, 132 S. Ct. 2060, 2062 (2012).  On the contrary, the federal court may overturn the state court's decision only if the decision was "objectively unreasonable."  Id.

On direct appeal to the Superior Court, petitioner alleged that because "the victim could not or would not identify him, or anyone, for that matter, as an assailant - - - there was insufficient evidence from which the fact-finder could infer that he was an actual assailant or, further, that he had acted as an accomplice to the assailants or conspired with the assailants to

11

shoot the victim." <u>Commonwealth v. Reaves</u>, No. 1388 EDA 2008, slip op. at 6 (Pa. Super. Ct. Oct. 26, 2009).  Applying a standard virtually identical to that required by <u>Jackson v. Virginia</u>, the Superior Court of Pennsylvania rejected this claim, noting that "there was evidence from which it could be reasonably inferred that the victim was attacked by three men, one of which was appellant."  <u>Id.</u>  The evidence cited by the Superior Court to support its conclusions was as follows.  At the scene of the crime, the police recovered evidence, including gun casings and a shotgun that showed three weapons used in the shooting of the victim, 9 mm and .40 caliber handguns and a 12 gauge sawed-off shotgun.  In addition, the bullets extracted from the victim showed that he was struck by three separate types of projectiles, 9 mm, .40 caliber and shotgun pellets.  Therefore, the Superior Court concluded that "the evidence clearly supports the inference that in addition to the 9 mm handgun, the shotgun found in the vehicle was the same shotgun used in the attack while the .40 caliber handgun was discarded while fleeing the scene." <u>Id.</u> at 6-7

       In addition, the Superior Court found that "the evidence was clearly sufficient to establish that appellant acted as either an accomplish or co-conspirator."  <u>Id.</u> at 7.  The court explained as follows:

> The nature of the attack creates a strong inference that it was not an impromptu occurrence but was, rather, a premeditated and orchestrated attack.  Moreover, the evidence supports the premise that the assailants were on foot and not in a vehicle when the attack occurred, as there were spent cartridges and/or wadding from all three guns used in the attack on the ground at the scene of the shooting.  As appellant was driving what must be regarded as a "getaway" vehicle, the highly logical premise is that he was assisting or acting in concert with his cohorts.

> In short, the inference that appellant was acting as either or both an accomplice or co-conspirator is overwhelming while any other premise strains common experience and rational thought.  Thus, appellant's liability for the crimes is supported by the evidence that he acted as either or both an accomplice or a

12

co-conspirator.

Id. at 9.

In addition to the reasons, cited by the Superior Court, this court notes that petitioner and his cohorts fled the scene after being stopped by the police, which resulted in a prolonged police chase that demonstrates a consciousness of guilty on petitioner's part. Under Pennsylvania law, this evidence can be used to support petitioner's convictions. See Commonwealth v. McKenzie, 2015 WL 752281 at *7 (Pa. Super Ct. Jan. 9, 2015) ("flight is evidence of consciousness of guilt and may firm the basis in connection with other proof from which guilt may be inferred.").

The Superior Court further found that because the victim was fired upon multiple times from three separate weapons, an intent to kill on the petitioner's part can be inferred: "Here the evidence established that the victim was fired upon multiple times from three separate weapons. Certainly, intent to kill can be inferred from firing in excess of 15 shots at another human being." Id. at 9-10. Lastly, the Superior Court found that there was sufficient evidence to support his conviction for the violation of the Uniform Firearms Act ("VUFA"), "based upon the doctrine of constructive possession." Id. at 10.

The Superior Court explained as follows:

Appellant was driving a vehicle in which was found two weapons, one of which, the Glock 9 mm handgun, was found in a pocket on the backside of the driver's seat. The other two co-defendants were seated in the front and rear passenger side seats. The other weapon found, the shotgun, was discovered on the floor in the rear, passenger side of the vehicle. The above facts certainly allow the inference that the gun placed in the pocket of the seat appellant was occupying was within the conscious dominion of appellant. Appellant was occupying that seat and was in control of the movement of the vehicle. Moreover, no one was occupying the space immediately behind the pocket in which the gun had been placed and another gun was found on the passenger's side of the vehicle where another

person was seated.  Thus, the evidence was sufficient to establish the gun was constructively possessed by appellant.

Id. at 10-11.

This court finds that the Superior Court's conclusion that there was sufficient evidence to support petitioner's convictions was not an unreasonable application of Jackson v. Virginia and thus cannot be disturbed by this court.  Accordingly, petitioner's second claim must be denied.  28 U.S.C. § 2254(d); Coleman, 132 S. Ct. at 2062.

## III.    CONCLUSION

For all of the above reasons, the court makes the following:

**R E C O M M E N D A T I O N**

**AND NOW**, this 18th day of April, 2016, the court respectfully recommends that the petition for a writ of habeas corpus be **DENIED**, and that no certificate of appealability ("COA") be issued.[1]

The parties may file objections to the Report and Recommendation.  See Loc. R. Civ. P. 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:


/s/ Thomas J. Rueter
THOMAS J. RUETER
United States Magistrate Judge

---

[1]    The COA should be denied because petitioner has not shown that reasonable jurists could debate whether his petition should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further.  See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

14

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

OMAR REAVES                         :            CIVIL ACTION

     v.                                :

JOHN WETZEL, et al.                 :            NO. 15-4769

## ORDER

     AND NOW, this      day of                    , 2016, upon careful and independent

consideration of the pleadings and record herein, and after review of the Report and

Recommendation of Thomas J. Rueter, United States Magistrate Judge, it is hereby

## ORDERED

    1.      The Report and Recommendation is **APPROVED** and **ADOPTED**;

    2.      The petition for a writ of habeas corpus (Doc. 1) is **DENIED**; and

    3.      There is no probable cause to issue a certificate of appealability.


BY THE COURT:


_____
JAN E. DuBOIS,                        J.