**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **OMAR REAVES,** | **CIVIL ACTION** |
|        **Petitioner,** | |
| | |
|       **v.** | |
| | |
| **JOHN WETZEL,** | **NO.  15-4769** |
| **THE DISTRICT ATTORNEY OF THE** | |
| **COUNTY OF PHILADELPHIA, and** | |
| **THE ATTORNEY GENERAL OF THE** | |
| **STATE OF PENNSYLVANIA,** | |
|        **Respondents.** | |

**O R D E R**

**AND NOW**, this 22nd day of July, 2016, upon consideration of Petition Under 28 U.S.C.

§ 2254 for Writ of Habeas Corpus by a Person in State Custody (Document No. 1, filed August

21, 2015), the record in this case, the Report and Recommendation of United States Magistrate

Judge Thomas J. Rueter dated April 18, 2016 (Document No. 18), petitioner's Motion for

Acceptance of Objections as Timely Filed (Doc. No. 25, filed July 13, 2016), and petitioner's

Objections to Magistrate's April 18, 2016 Report & Recommendation (Document No. 25-1, filed

July 13, 2016), **IT IS ORDERED** as follows:

      1.      The Report and Recommendation of United States Magistrate Judge Thomas J.

Rueter dated April 18, 2016, as modified by this Order, is **APPROVED** and **ADOPTED**;

      2.      The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in

State Custody filed by *pro se* petitioner, Omar Reaves, is **DENIED**;

      3.      Petitioner's Motion for Acceptance of Objections as Timely Filed is **GRANTED**;

      4.      The Objections to Magistrate's April 18, 2016 Report & Recommendation filed

by *pro se* petitioner, Omar Reaves, are **OVERRULED** for the reasons set forth below; and

5.      To the extent that petitioner requests an evidentiary hearing in his Objections to Magistrate's April 18, 2016 Report & Recommendation, petitioner's request is **DENIED** on the ground that the record in the case establishes that all claims set forth in the habeas petition are subject to denial.

**IT IS FURTHER ORDERED** that a certificate of appealability will not issue because reasonable jurists would not debate this Court's decision that the petition does not state a valid claim of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The decision of the Court is based on the following:

1.      Presently before the Court is *pro se* petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. Petitioner asserts two grounds for habeas relief: (1) ineffective assistance of counsel, and (2) insufficient evidence to convict. The Report and Recommendation ("R&R") prepared by United States Magistrate Judge Thomas J. Rueter recommends that the habeas petition be denied on AEDPA deference grounds. *See* 42 U.S.C. § 2254(d). On July 13, 2016, *pro se* petitioner filed his objections to the R&R.[1] For the following reasons, the Court overrules petitioner's objections and adopts the R&R, as modified by this Order.

---

[1] Petitioner filed his objections on July 13, 2016, well beyond the June 30, 2016 deadline set by the Court's Order dated May 31, 2016. In his Motion for Acceptance of Objections as Timely Filed, *pro se* petitioner explains that he was unable to file and serve his objections before the deadline due to an emergency lockdown in the State Correctional Institute at Forest from June 27, 2016 through July 1, 2016. The Court grants *pro se* petitioner's Motion for Acceptance of Objections as Timely Filed and considers *pro se* petitioner's objections to the R&R.

## INEFFECTIVE ASSISTANCE OF COUNSEL

**A. Introduction**

2.      *Pro se p*etitioner argues that his attorney improperly failed to object when the prosecutor and trial judge mischaracterized crucial expert testimony to the jury. Specifically, it is petitioner's position that the prosecution's ballistics expert, Officer John Cannon, could not match the handgun discovered in petitioner's vehicle to any evidence discovered at the scene of the crime. Without objection from petitioner's attorney, the prosecutor argued in his closing argument, and the trial judge instructed the jury, that Cannon established such a match.

Petitioner raised and exhausted this argument in Post-Conviction Relief Act ("PCRA") proceedings in Pennsylvania state court. The PCRA court rejected petitioner's claims and concluded that the prosecutor and trial judge accurately characterized Cannon's trial testimony. Any objection to those statements would thus have been denied as meritless. Upon review of the record, Magistrate Judge Rueter concluded that the ruling of the PCRA court on this issue was correct. Petitioner objects to that conclusion and claims that Magistrate Judge Rueter mischaracterized Cannon's testimony. The Court disagrees and overrules petitioner's objection on this issue.

To succeed on an ineffective assistance of counsel claim, petitioner must meet the standard established in *Strickland v. Washington*, which has two components:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. 668, 687 (1984).

**B.  Officer Cannon's Testimony**

3.      Petitioner is correct that Cannon was unable to match the handgun in petitioner's vehicle to a nine-millimeter bullet recovered from the victim's body. *See* Notes of Testimony, January 26, 2006, at 79:8–17 ("I couldn't microscopically match that bullet to this firearm . . . ."); *id.* at 81:15–23 (Q. So you don't know one way or the other if that [bullet] came from the nine-millimeter; correct? A. No, I can't."). However, the record is clear that Cannon matched the handgun in petitioner's car to the seven nine-millimeter bullet *cartridge cases* discovered on the ground near the victim's body. *Id.* at 97:6–11 ("The remaining fired cartridge cases, the nine-millimeter Lugers, they were, in fact, fired in this firearm right here, [C]-1 (indicating). So I could make – on the fired cartridge cases I could make a positive identification to that firearm.").

**C.  Trial Judge**

4.      Petitioner avers that his attorney failed to object when the trial judge mischaracterized Cannon's testimony in response to a question from the jury. During deliberations, the jury asked: "Did the ballistics expert testify that the nine-millimeter shells found at the shooting scene matched the specific nine-millimeter gun found in the car?" *Id.* at 141:10–14. The trial judge answered the question by quoting in substantial part Cannon's testimony: "The remaining fired *cartridge cases*, the nine-millimeter Lugers, they were, in fact, fired from this firearm right here, C-1. On the fired cartridge cases I could make a positive identification to that firearm." *Id.* at 141:18–24 (emphasis added).

5.      It is clear from the record that the trial judge accurately characterized Cannon's testimony. She in fact quoted the record when she stated that Cannon made a "positive identification" to the cartridge cases. Any objection to the trial judge's statement would have

4

therefore been denied as meritless. R&R at 10. Accordingly, the Court concludes that the state court did not unreasonably apply *Strickland*, because counsel cannot be deemed ineffective for failing to raise a meritless argument. *Werts v. Vaughn*, 228 F.3d 178, 202 (3d Cir. 2000).

### D. Prosecutor

6.      In addition, petitioner avers that his attorney failed to object when the prosecutor mischaracterized Cannon's testimony during his closing argument. The prosecutor stated:

> [H]e [Cannon] went through the seven nine-millimeter bullet specimens that . . . Detective Kerwin found on the ground, and he said that after looking at them in a microscope, ladies and gentlemen, those seven nine-millimeter bullets that were found on the ground close to the blood stains where Timmy Hunt bled on the street, he knows, after comparing them, that those bullets on the ground came from this gun – this gun that was in the car that these three defendants fled from (indicating).

Notes of Testimony, January 30, 2006, at 96:24–97:12.

7.      It is clear that the prosecutor's reference to the seven "bullet specimens" (and subsequent references to the "seven bullets" and "bullets on the ground") referred to the seven bullet cartridge cases discovered on the ground near the victim—not the single nine-millimeter bullet discovered in the victim's body. The fact that the prosecutor used the term "bullets," not "cartridge cases," is of no legal significance. No reasonable factfinder could have been misled.

8.      Moreover, petitioner's *Strickland* claim with respect the prosecutor's statement fails on prejudice grounds. There is no question that Cannon established a forensic link between the nine-millimeter handgun recovered from petitioner's vehicle and ballistics evidence discovered at the scene of the crime. Any claimed confusion between the bullet and the cartridge cases caused by the prosecutor's statement would have been cured by the trial judge's accurate answer to the jury's question. The trial judge correctly instructed the jury that Cannon established a "positive identification" to the cartridge cases. Accordingly, *pro se* petitioner has

not demonstrated that he was "deprive[d] . . . of a fair trial, a trial whose result is reliable."
*Strickland*, 466 U.S. at 686.

## INSUFFICIENT EVIDENCE TO CONVICT

9.        Second, petitioner argues that the evidence adduced at trial was insufficient to
support the convictions. In his Report and Recommendation, Magistrate Judge Rueter concluded
that this claim failed because the state court reasonably applied the standard for evaluating the
sufficiency of the evidence, as set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979), and ruled
that there was sufficient evidence to support petitioner's convictions. R&R at 14. Petitioner
objects on the ground that the state court in fact applied a rule plainly contrary to *Jackson*. For
the following reasons, the Court overrules petitioner's objection.

10.       In *Jackson v. Virginia*, the Supreme Court held that that an "applicant is entitled
to habeas corpus relief if it is found that upon the record evidence adduced at trial no rational
trier of fact could have found proof of guilt beyond a reasonable doubt." 443 U.S. at 324.

> [T]his inquiry does not require a court to "ask itself whether *it* believes that the
> evidence at the trial established guilt beyond a reasonable doubt." Instead, the
> relevant question is whether, after viewing the evidence in the light most
> favorable to the prosecution, *any* rational trier of fact could have found the
> essential elements of the crime beyond a reasonable doubt.

*Id.* at 318–19 (internal citation omitted).

Petitioner argues that the Pennsylvania Superior Court applied a rule contrary to *Jackson*
by evaluating his claim "from the perspective of a collective panel of appellate court judges,"
Objs. at 14, not from the perspective of "any rational trier of fact." In support of that argument,
petitioner quotes the Superior Court's opinion: "[T]here was evidence from which it could be
reasonably inferred that the victim was attacked by three men, one of which was [petitioner].

*Our reasoning follows*." Objs. at 13 (quoting *Commonwealth v. Reaves*, No. 1388 EDA 2008, slip op. at 6 (Pa. Super. Ct. Oct. 26, 2009) (emphasis added)).

11.     The Superior Court correctly evaluated the sufficiency of the evidence from the perspective of the jury: it explicitly rejected petitioner's argument "that there was insufficient evidence from which *the fact-finder* could infer" guilt. *Reaves*, slip op. at 6 (emphasis added). The Superior Court's reference to "[o]ur reasoning" does not mean it applied a contrary rule. That statement merely explained the reasoning of the court under the appropriate legal standard.

## CONCLUSION

12.     Petitioner's objections to the R&R are overruled and the R&R is approved and adopted, as modified by this Order. Omar Reaves's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody is denied.

**BY THE COURT:**

**/s/ Hon. Jan E. DuBois**

_____

**DuBOIS, JAN E., J.**